■    L. ROSENMAN CORPORATION, Appellant, v. DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Respondent. DORMITORY AUTHORITY OF THE STATE NEW YORK, Third-Party Plaintiff-Appellant-Respondent, v. V. B. CONSTRUCTION CO., INC., et al., Third-Party Defendants-Respondents-Appellants. V. B. CONSTRUCTION CO., INC., Fourth-Party Plaintiff-Respondent-Appellant, v. NEW AMSTERDAM CASUALTY COMPANY et al., Fourth-Party Defendants-Appellants-Respondents.— Order, Supreme Court, New York County, entered on June 2, 1971, unanimously modified, on the law, to the extent of (1) reversing the denial of the motion by the plaintiff and the fourth-party defendants to dismiss (i) the fourth-party complaint and first cross claim of the fourth-party plaintiff, V. B. Construction Co., Inc. ("V. B."), and (ii) the counterclaim contained in the reply of defendant Dormitory Authority of the State of New York ("Dormitory") to the counterclaim contained in the answer of the third-party defendants, and granting said motion, (2) reversing the denial of the motion by the third-party defendants to dismiss the third-party complaint, and granting said motion, (3) reversing the denial of Dormitory's motion for summary judgment dismissing the counterclaim of V. B. and granting said motion, and (4) severing the second cross claim of V. B. against the plaintiff and the fourth-party defendants; and otherwise affirmed. Plaintiff-appellant shall recover of fourth-party plaintiff-respondent-appellant $50 costs and disbursements of this appeal. We find nothing in the contract between plaintiff and Dormitory to support V. B.'s claim that it is a third-party beneficiary thereof; and since V. B.'s counterclaim against Dormitory is barred by the release contained in the stipulation of January 18, 1965 (thereby also requiring the dismissal of Dormitory's counterclaim against plaintiff for indemnification predicated thereon), it is unnecessary to reach the question of whether any derivative liability on the part of plaintiff accrued. (Cf. *Snyder Plumbing & Heating Corp.* v. *Purcell,* 9 A D 2d 505.) The aforesaid stipulation of January 18, 1965, which settled all claims between V. B. and Dormitory, also acknowledged the satisfactory completion of all work to be performed by V. B. (except for certain "punch list" items not here involved). Accordingly, Dormitory's counterclaim against V. B. for indemnification is barred and must also be dismissed. As a result of our judicial pruning (and plaintiff's abandonment of its cross claim against the third-party defendants), all that is now left is the original action between plaintiff and Dormitory and V. B.'s $3,169.50 claim for work, labor and services and materials supplied against plaintiff and its sureties, the fourth-party defendants. Since V. B. and the fourth-party defendants no longer have any other interest in this litigation, this cause of action should be, and is, severed. Concur — Markewich, J. P., Nunez, Kupferman, Murphy and Steuer, JJ.